UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>PARKER MEDICAL HOLDING COMPANY, INC.,<br><br>Debtor. | ) <br>) CHAPTER 11<br>) CASE NO. 22-50369<br>)<br>)<br>)<br>) |
| FIRST-CITIZENS BANK & TRUST COMPANY,<br><br>Plaintiff/Counterclaim Defendant<br><br>v.<br><br>PARKER MEDICAL HOLDING COMPANY, INC.; MIDWEST MEDICAL ASSOCIATES, INC.; and RICHARD L. PARKER, SR.<br><br>Defendants/Counterclaim Plaintiffs<br><br>and<br><br>PEACHTREE MEDICAL PRODUCTS, LLC, MIDWEST MEDICAL DME ENTERPRISES, LLC and MIDWEST MEDICAL ENTERPRISES, LLC<br><br>Defendants. | )<br>)<br>) ADVERSARY CASE NO.<br>) _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION TO BANKRUPTCY COURT**

**NOW COMES**, Chapter 11 Debtor Parker Medical Holding Company, Inc.

("Debtor/Defendant/Counterclaimant Parker Medical") and does hereby file its "Notice of

Removal of State Court Civil Action to Bankruptcy Court" ("Notice of Removal") set out herein and does hereby remove the case of *First-Citizens Bank & Trust, Co. v. Parker Medical Holding Company, Inc., et al.*, Civil Action No. 21cv6580 ("DeKalb County Superior Court Case") to this Bankruptcy Court from the Superior Court of DeKalb County, Georgia.[1]

This DeKalb County Superior Court Case is within the original but not exclusive jurisdiction of the United States District Court of the Northern District of Georgia pursuant to 28 U.S.C. § 1334(b). The DeKalb County Superior Court Case can be removed under 28 U.S.C. § 1452.  This removal will proceed pursuant to and under procedures established by Bankruptcy Rule 9027.  Bankruptcy Rule 9001(3), 7001(10), and District Court Local Rule 83.7, require that this instant Notice of Removal be filed in the pending Chapter 11 proceeding to which the DeKalb County Superior Court Case is related. Thus, this Notice of Removal is filed in the pending Chapter 11 proceeding: *In re Parker Medical Holding Company, Inc.*, Case No. 22-50369. Pursuant to Bankruptcy Rule 7001(10) and Local Rule 83.7, this Notice of Removal is captioned as an Adversary Proceeding in the above-referenced Chapter 11 Proceeding.  Pursuant to Bankruptcy Rule 9027(b), a copy of this Notice of Removal will be promptly filed in the Superior Court of DeKalb County, Georgia, *First-Citizens Bank & Trust, Co. v. Parker Medical Holding*

---

[1]    28 U.S.C. § 157(a) and Local Rule 83.7 grant authority for the United States Bankruptcy Court for the Northern District of Georgia to hear such actions by referral from the United States District Court for the Northern District of Georgia.

-2-

*Company, Inc., et al.*, Civil Action File No. 21cv6580.

Removing Debtor/Defendant/Counterclaimant Parker Medical Holding, Inc. gives notice of removal to:  Plaintiff and Counterclaim Defendant First-Citizens Bank & Trust Company ("First-Citizens Bank" or "Plaintiff"/Counterclaim Defendant"); Defendants and Counterclaimants Midwest Medical Associates, Inc. ("Midwest Associates") and Richard L. Parker ("Parker") (collectively Midwest Associates, and Parker are "Defendants/Counterclaimants"); and Defendants Peachtree Medical Products, LLC ("Peachtree Medical"), Midwest Medical DME Enterprises, LLC ("Midwest DME"), and Midwest Medical Enterprises, LLC ("Midwest Enterprises") (collectively Peachtree Medical, Midwest DME, and Midwest Enterprises are "Defendants") and shows as follows:

## I.      PROCEDURAL BACKGROUND.

1.

On July 30, 2021, Plaintiff/Counterclaim Defendant First-Citizens Bank filed its "Verified Complaint Requesting Appointment of Receiver and Related Equitable Relief" ("Complaint") in the Superior Court of DeKalb County, Georgia, styled *First-Citizens Bank & Trust, Co. v. Parker Medical Holding Company, Inc., et al.*, Civil Action File No. 21cv6580 ("DeKalb County Superior Court Case ").

2.

On August 3, 2021, Plaintiff/Counterclaim Defendant filed its "Motion and Brief

for Appointment of Receiver and Related Equitable Relief" ("Receiver Motion") seeking appointment over the Debtor Parker Medical and the other corporate Defendants/Counterclaim Defendants and Defendants listed above.

3.

Plaintiff/Counterclaim Defendant First-Citizens Bank's Complaint alleged various claims against Debtor/Defendant/Counterclaimant Parker Medical, Defendants/Counterclaimants, and Defendants listed above as follows: Count I – Breach of Contract (The 973 Note); Count II – Breach of Contract (The 063 Note); Count III – Breach of Contract (The Master Agreement and Supplemental Loan Agreement); Count IV – Breach of Contract (The 973 Guaranties); Count V – Appointment of Receiver; Count VI – Temporary Restraining Order, and Preliminary/Permanent Injunction Against Unauthorized Transfers; Count VII – Attorneys' Fees and Costs Per the Terms of the Supplemental Loan Agreement; and Count VIII – Attorneys' Fees and Costs Per O.C.G.A. § 13-6-11.

4.

On September 22, 2021, Debtor/Defendant/Counterclaimant Parker Medical and Defendants/Counterclaimants jointly filed their answer, affirmative defenses, and counterclaims against Plaintiff/Counterclaim Defendant First-Citizens Bank ("Answer/Counterclaims").   In summary, Debtor/Defendant/Counterclaimant Parker Medical and Defendants/Counterclaimants Midwest Associates and Richard Parker's first

and second counterclaims seek damages in an amount of not less than $10,000,000 on each claim caused by First-Citizens Bank's breach of a line of credit and other agreements and abandonment and cessation of a course of dealing constituting mutual departure that ultimately destroyed Debtor/Defendant/Counterclaimant Parker Medical and Midwest Associates' business operations. In their Answer/Counterclaims, Debtor/Defendant/Counterclaimant Parker Medical and Defendants/Counterclaim Plaintiff's Midwest Associates and Richard Parker also alleged a third counterclaim for damages in the amount of not less than $10,000,000 for injury caused directly by either the negligent or intentional misrepresentations of First-Citizen's representatives. Finally Defendant/Counterclaim Plaintiff Richard Parker asserts a fourth counterclaim against First-Citizens Bank based on First-Citizens Bank's acts and conduct that directly led to the destruction of Richard Parker's 100% ownership interest in Debtor/Defendant/Counterclaimant Parker Medical.

5.

On September 22, 2021, Defendants Peachtree Medical, Midwest DME, and Midwest Enterprises also filed their answers and affirmative defenses in the DeKalb County Superior Court Case.

6.

On September 22, 2021, Debtor/Defendant/Counterclaimant Parker Medical, Defendants/Counterclaimants, and Defendants filed a joint opposition brief to

Plaintiff/Counterclaim Defendant's Receiver Motion and the supporting Affidavit of Richard Parker.

7.

On January 7, 2022, the DeKalb County Superior Court entered its "Order Granting Plaintiff's Motion for Appointment of Receiver" without hearing or notice of a hearing granting, and directing Plaintiff/Counterclaim Defendant to submit a proposed appointment order to the Court.

8.

On January 14, 2022, Debtor Parker Medical filed a Chapter 11 Petition initiating the above-referenced Bankruptcy Case No. 22-50369. [ECF 1.]

9.

On January 14, 2022, Defendant/Counterclaimant Midwest Associates filed a Chapter 11 Petition initiating Bankruptcy Case No. 22-50372.  [Bankruptcy Case No. 22-50372, ECF 1.]

10.

On January 14, 2022, Defendant/Counterclaimant Peachtree Medical filed a Chapter 11 Petition initiating Bankruptcy Case No. 22-50374.  [Bankruptcy Case No. 22-50374, ECF 1.]

11.

Debtor/Defendant/Counterclaimant       Debtor       Parker       Medical       and

-6-

Defendant/Counterclaimants Midwest Associates, and Peachtree Medical (collectively, the "Corporate Debtors") anticipate promptly filing an application of Debtors-in-Possession Parker Medical Holding Company, Inc., Midwest Medical Associates, Inc., and Peachtree Medical Products, LLC for order directing joint administration of Chapter 11 Cases.

12.

The above-referenced Corporate Debtors and Defendant/Counterclaimant Richard Parker, Defendant Midwest DME, and Defendant Midwest Enterprises are all defendants on claims alleged by First-Citizens Bank, which claims against the three affiliated Corporate Debtors and other parties were alleged in the DeKalb County Superior Court Case.

13.

Debtor/Defendant/Counterclaimant Parker Medical and the remaining defendants and counterclaimants have a common interest in reorganizing the disputed claim held by First-Citizens Bank to the extent allowed after determination of the dollar amounts of the First-Citizens Bank claim through claim objections and jury trial including affirmative defenses and counterclaims.

## II.     **GROUNDS FOR REMOVAL**.

14.

The DeKalb County Superior Court Case, including all claims, causes of action,

-7-

and counterclaims asserted therein, is a civil action other than a proceeding before the United States Tax Court, and is not a civil action by a governmental unit to enforce such governmental unit's policy or regulatory power. *See* 28 U.S.C. § 1452(a).

15.

The DeKalb County Superior Court Case is a civil proceeding relating to each of the Corporate Debtors' Bankruptcy Cases.

16.

This Bankruptcy Court presiding over the Bankruptcy Case, pursuant to general reference with respect to Title 11 of the cases in the Northern District of Georgia and 28 U.S.C. § 157, has jurisdiction over all claims, causes of action, and counterclaims asserted in the DeKalb County Superior Court Case. Under 28 U.S.C. § 157(c)(1), the Bankruptcy Court has jurisdiction over pre-petition related cases as non-core litigation. In the event the Court were to decide any portion of the case were a core proceeding, the Court would likewise have jurisdiction to decide any portion of these jury cases.

17.

Debtor/Defendant/Counterclaimant Parker Medical and affiliated Defendant/Debtors Midwest Associates and Peachtree Medical contend that the pre-petition DeKalb County Superior Court Case by First-Citizens Bank and the answers, affirmative defenses, and counterclaims by Debtor/Defendant/Counterclaimant Parker Medical and the remaining defendants are related to the Bankruptcy Case under 11

-8-

U.S.C. § 157(c)(1) and are non-core proceedings. The above-listed claims and counterclaims have a clear and direct impact on property of the affiliated Corporate Debtors' Estates under 11 U.S.C. § 541. Resolution of the claims against Debtor/Defendant/Counterclaimant Parker Medical, and the remaining defendants in the DeKalb County Superior Court Case will affect the administration of the Corporate Debtors' Estates and may result in assets for distribution to creditors.

18.

This Notice of Removal is filed less than ninety (90) days after the Petition Date. The DeKalb County Superior Court Case was pending when the Bankruptcy Case was commenced. Each claim, cause of action, and counterclaim in the DeKalb County Superior Court Case is related to the Bankruptcy Case.

19.

All co-defendants of Debtor Parker Medical have consented to this removal and a separate statement of consent will be filed by undersigned counsel of all other defendants, specifically: Midwest Medical Associates, Inc., Peachtree Medical Products, LLC, Midwest Medical DME Enterprises, LLC, Midwest Enterprises, LLC, and Richard L. Parker, Sr.

20.

Pursuant to Bankruptcy Rule 9027(a), Debtor Parker Medical and the remaining Defendants give notice that they do not consent to the entry of final orders or judgement

-9-

by the Bankruptcy Court with respect to the claims and counterclaim asserted in the DeKalb County Superior Court Case.

21.

Pursuant to Bankruptcy Rule 9027(a), copies of all process, pleadings, and other documents previously filed in the DeKalb County Superior Court Case are filed and docketed with this Notice of Removal.

## III.    **NOTICE.**

22.

Proposed undersigned counsel for Debtor/Defendant/Counterclaimant Parker Medical certifies that he will promptly file written notice of this filing to the attorneys of record for all parties of record in the DeKalb County Superior Court Case, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of DeKalb County, Georgia.  Fed. R. Bankr. P. 9027(b)-(c).

23.

Pursuant to Bankruptcy Rule 9027, removal of the DeKalb County Superior Court Case is effected upon such filing of a copy of this Notice of Removal and the parties shall proceed no further the DeKalb County Superior Court Case.  Fed. R. Bankr. P. 9027.

*<Signature on following page>*

-10-

Dated this 17th day of January, 2022.

Respectfully submitted,

By: /s/ *Jimmy L. Paul*
JIMMY L. PAUL
*Georgia Bar No.  567600*
DREW V. GREENE
*Georgia Bar No. 940511*

Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, N.E., 46th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (facsimile)
*jimmy.paul@chamberlainlaw.com*
*drew.greene@chamberlainlaw.com*

*proposed Counsel for Debtor Parker Medical Holding Company, Inc.* (Debtor's Application for Employment pending)

3977958_1

-11-

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the attached "Notice of Removal of State Court Civil Action to Bankruptcy Court" with the Clerk of Court by CM/ECF which will send electronic notification to all parties of record, and have served a true and correct copy of the foregoing by depositing a copy of the foregoing in the US mail, with sufficient postage affixed thereon to parties addressed below:

G. Marshall Kent
Fox Rothschild LLP
999 Peachtree St., NE
Suite 1500
Atlanta, Georgia 30309

all creditors and appearing counsel shown on Exhibit "A"

Dated this 17th day of January, 2022.

Respectfully submitted,

By:   /s/ *Jimmy L. Paul*
JIMMY L. PAUL
*Georgia Bar No.  567600*
DREW V. GREENE
*Georgia Bar No. 940511*

Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, N.E., 46th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (facsimile)
*jimmy.paul@chamberlainlaw.com*
*drew.greene@chamberlainlaw.com*

*proposed Counsel for Debtor Parker Medical Holding Company, Inc.* (Debtor's Application for Employment pending)

3980435.v1